# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

January 25, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CATHY D. COX,**
**Claimant Below, Petitioner**

**vs.)   No, 17-0745**  (BOR Appeal No. 2051818)
(Claim No. 2016024916)

**LESLIE BROTHERS EQUIPMENT COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Cathy D. Cox, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Leslie Brothers Equipment Company, by Timothy Huffman, its attorney, filed a timely response.

The issue on appeal is the rejection of the claim. On April 14, 2016, the claims administrator rejected Ms. Cox's claim for carpal tunnel syndrome. The Office of Judges affirmed the claims administrator in its February 10, 2017, Order. The Order was affirmed by the Board of Review on July 27, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Cathy Cox worked as a janitor for more than twelve years for Leslie Brothers Equipment Company. She alleged that she developed bilateral carpal tunnel syndrome as the result of her work duties. She stopped working on May 15, 2015, due to the pain in her hands and wrists.

Barry Vaught, M.D., examined Ms. Cox on November 12, 2015. Ms. Cox told him her symptoms began around November of 2014 when she began to experience intense numbness and aching pain in her hands and arms. Dr. Vaught performed EMG/NCS testing which revealed bilateral median mononeuropathy at the wrists consistent with carpal tunnel syndrome. Dr. Vaught diagnosed bilateral carpal tunnel syndrome and referred Ms. Cox for a surgical evaluation.

1

John Tabit, D.O., examined Ms. Cox for the first time on January 7, 2016. He noted more pain in the left hand than the right hand. He diagnosed bilateral carpal tunnel syndrome. As conservative treatment had failed, he recommended bilateral carpal tunnel releases. He performed the left carpal tunnel release on January 12, 2016, and the right carpal tunnel release on February 26, 2016.

Ms. Cox completed her section of the Employees' and Physician's Report of Injury on March 8, 2016. She stated she sustained a repetitive use injury to her wrists and hands as a result of her work as a janitor and that she was required to use her wrists and hands repetitively while sweeping, mopping, and lifting heavy buckets of water. Dr. Tabit completed the physician section of the Employees' and Physician's Report of Injury on March 10, 2016. He listed the diagnosis as bilateral carpal tunnel syndrome and indicated the condition was the result of an occupational disease. He also noted that Ms. Cox was released from his care on March 8, 2016. He did not believe she would be able to return to regular duty work as she was limited to very little heavy lifting, pushing, or pulling.

On March 28, 2016, Bo Kaminsky, the general manager at Leslie Brothers Equipment Company, completed a carpal tunnel syndrome questionnaire, which indicated Ms. Cox worked in housekeeping and her job duties included vacuuming, mopping, dusting, and cleaning. Ms. Cox completed a carpal tunnel syndrome questionnaire of her own on April 5, 2016. She indicated the physical duties of her job were repetitive and included sweeping, mopping, and lifting heavy buckets of water.

Rebecca Thaxton, M.D., performed a medical records review on April 11, 2016, in which she opined that the bilateral carpal tunnel syndrome was not work-related. She noted that there was no "medical narrative" detailing the relationship between the carpal tunnel syndrome and Ms. Cox's job. Additionally, neither Dr. Tabit nor Dr. Vaught explicitly related the carpal tunnel syndrome to any specific job duties. Dr. Thaxton found that in his March 8, 2016, medical record, Dr. Tabit noted Ms. Cox brought him Social Security disability and workers' compensation paperwork to complete, and he opined Ms. Cox could continue to work a light duty job. Based on Dr. Thaxton's report, the claims administrator denied the claim on April 14, 2016.

On June 14, 2016, Ms. Cox testified via deposition that she had to quit working due to the pain in her wrists and arms. During her employment with Leslie Equipment Company, she worked forty hours per week and was required to do all of the cleaning, including mopping, running the vacuum, and dusting. She cleaned two different buildings and she occasionally used a buffing machine. Her hands first started hurting about seven years ago, when they turned ice cold and started to throb. Post-surgery, her hands did not hurt as much but she had no feeling in her fingers and no strength in her hands.

Marsha Bailey, M.D., performed an independent medical evaluation on October 20, 2016. She reviewed the medical records of Drs. Vaught and Tabit, the medical records review completed by Dr. Thaxton, the carpal tunnel questionnaires, and Ms. Cox's deposition transcript.

2

During the evaluation, Ms. Cox's main complaints were that she dropped things and that she had a lack of strength as well as weakness in her hands. She also experienced numbness in both hands. Dr. Bailey diagnosed bilateral carpal tunnel syndrome, which was improved but not fully resolved. She noted Ms. Cox's job tasks were highly variable. In Dr. Bailey's opinion, Ms. Cox did not have occupational duties that were highly repetitive, forceful, or awkward that would place her at risk for the development of carpal tunnel syndrome. Ms. Cox's work required her to use her hands and wrists as well as the larger muscles of the upper extremities, shoulders, abdomen, and lower back. The use of the other body parts provided time for the smaller muscle groups in the hands and wrists to recover.

On February 10, 2017, the Office of Judges affirmed the claims administrator's rejection of the claim. It found that the evidence clearly showed Ms. Cox had developed bilateral carpal tunnel syndrome. But, Dr. Tabit's medical records showed no causal opinion regarding the carpal tunnel syndrome and Ms. Cox's work. Additionally, there is no evidence Dr. Tabit was familiar with Ms. Cox's work duties. The Office of Judges determined that the only physician on record that adequately considered Ms. Cox's work duties was Dr. Bailey, as she was able to review the carpal tunnel syndrome questionnaires and Ms. Cox's testimony regarding her job duties. The Office of Judges found that Ms. Cox's job duties were not highly repetitive, highly forceful, or extremely awkward. The evidence showed Ms. Cox was overweight, which is a confounding condition in the development of carpal tunnel syndrome. Therefore, the Office of Judges found Ms. Cox had not sustained her burden of proof in showing that the carpal tunnel syndrome was related to her occupational duties.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the Office of Judges' Order on July 27, 2017. After review, we agree with the Board of Review. Ms. Cox's work as a janitor did not require her to perform repetitive job duties that lead to the development of carpal tunnel syndrome. The reasoning of the Office of Judges was not clearly wrong and therefore was properly relied upon by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 25, 2018**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker